UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>*v.*<br><br>CARLEN DAVIS | Criminal No. 3:04cr338 (JBA)<br><br>December 30, 2013 |

**RULING ON DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

Defendant Carlen Davis moves [Doc. # 86] for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) in light of Amendment 706 to the Guidelines, which reduced by two levels the base offense level for cocaine base ("crack cocaine") offenses. The Government opposes this motion, arguing that Defendant was sentenced under the career offender guideline and that he is therefore ineligible for relief under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. However, because the career offender guideline was only the starting point for the sentencing departure analysis, Defendant is eligible for a sentence reduction and Defendant's motion for reduction in sentence will be granted.

**I.     Background**

On November 10, 2004, Defendant was charged in an Indictment [Doc. # 12] with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On February 23, 2005, Defendant pleaded guilty to Count Two of the Indictment (*see* Minute Entry [Doc. # 24]), and was sentenced by this Court on September 6, 2006 (*see* Minute Entry [Doc. # 70].) At the sentencing hearing, the Court determined that pursuant to U.S.S.G. § 2D1.1(c)(4), Defendant's base offense level was 32. (*See* Presentence Investigation Report [Doc. # 93-2] at 6.) However because Defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a), his offense level

was determined to be 37.  (Statement of Reasons [Doc. # 93-3] at 1.)  The Court then subtracted 3 levels, pursuant to U.S.S.G. § 3E1.1, for a total offense level of 34.  The Court determined that Defendant's criminal history category was VI, both by virtue of his career offender enhancement and his actual criminal history.  At offense level 34 and criminal history category VI, Defendant's sentencing range was 262 to 327 months' imprisonment.  (Statement of Reasons at 1.)  In light of the Defendant's "extraordinary assistance" to state law enforcement, the Court departed from the career offender range under § 5K2.0, and imposed a sentence of 150 months' imprisonment after also considering the 18 U.S.C. § 3553(a)(2) factors, including abuse suffered by Defendant as a child, his potential for rehabilitation, the need to provide Defendant with educational and vocational training, to protect the public from further crimes of Defendant, and to reflect the seriousness of the offense.  (*Id.* at 2–3.)

The Probation Office opined that Defendant was not eligible for a reduced sentence pursuant to Amendment 706 to the Sentencing Guidelines, because he had been sentenced as a career offender and Amendment 706 would not have lowered his applicable guideline range.  The Court issued an order to show cause [Doc. # 81] directing the parties to brief their positions on Defendant's eligibility for a reduced sentence.

II.   **Discussion**

Defendant moves for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 706 to the Sentencing Guidelines, which reduced by two levels the offense levels previously assigned to foreseeable quantities of cocaine base.  Section 3582(c)(2) states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  Pursuant to U.S.S.G. § 1B1.10, a reduction is not consistent with Sentencing Commission policy statements if the revised guideline provision "does not have the effect of lowering the defendant's applicable guideline range."

A defendant who is convicted of a crack cocaine offense but is sentenced under the career offender guidelines is generally not eligible for a sentencing reduction pursuant to a subsequent amendment to the crack cocaine guidelines.  *See United States v. Martinez*, 572 F.3d 82, 83 (2d Cir. 2009).  However, the Second Circuit has recognized that a defendant may be eligible for a reduced sentence when a sentencing court departs from the career offender guideline.  In *United States v. McGee*, 553 F.3d 225, 228 (2d Cir. 2009), the sentencing judge determined that although the defendant qualified as a career offender under § 4B1.1, this classification overrepresented his criminal history.  Thus, the judge departed pursuant to § 4A1.3(b), and, in doing so, "the district court explicitly stated that it was departing . . . 'to the level that the defendant would have been in'" under the original crack cocaine guidelines "'absent the career offender status calculation and consideration.'"  *Id.* at 227.  Given that the defendant's "post-departure sentence was . . . explicitly based on the crack cocaine guidelines," the defendant was eligible for a reduced sentence pursuant to Amendment 706 and 18 U.S.C. 3582(c)(2).  *Id.* at 228.

In *United States v. Rivera*, 662 F.3d 166, 177 (2011), the Second Circuit extended its holding in *McGee* to a situation where a sentencing judge departed from the career offender range but did not explicitly mention the crack guideline or the range that would be produced by applying it.  Instead, the sentencing judge departed three offense levels from the career offender range under § 5H1.3, because of the defendant's mental health

3

infirmities, and applied the low end of the resulting range.[1]  *Id.* at 173.  The Second Circuit determined that the defendant's sentence had been "based on" the subsequently lowered crack guidelines, and thus he was eligible for a reduction.  The court explained: "To be sure, the career offender range was the starting point of Rivera's sentencing proceeding, but then the judging began, and because of Rivera's mental condition that range was deemed inapplicable.  The sentence imposed was based explicitly on the post-departure range, which has since been lowered."  *Id.* at 174.

Under *Rivera*, "[w]here the sentencing judge departs from a range computed under the career offender guideline to a lower range," this defendant is eligible for a reduced sentence "to remedy an injustice" pursuant to 18 U.S.C. § 3582(c)(2) if "the subsequently lowered guideline 'was a relevant part of the analytic framework the judge used to determine the sentence.'"  *Id.* at 177 (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692-93 (2011)).

In *United States v. Swint*, No. 3:04-cr-177 (SRU), 2010 WL 5067693, at *1 (D. Conn. Dec. 6, 2010), under the original crack guidelines range in 2006, the defendant faced a career offender guideline range of 262 to 327 months' imprisonment, but after a downward departure under § 5K1.1, Swint was sentenced to 132 months' imprisonment, which was thereafter reduced in 2010 to 105 months pursuant to § 3582(c)(2).  In

---

[1] Without the career offender designation, the defendant's criminal history was category IV and his base offense level was 38, the maximum under the guidelines.  As a career offender, his criminal history was category VI and his offense level remained at 38, because the career offender guideline provides that the applicable offense level is the higher of the one provided by the offense guideline or the one provided by the chart in § 4B1.1.  In this instance, the defendant's offense guideline was higher than the maximum career offender offense level of 37.  After the three-level departure to offense level 35 (remaining in criminal history category VI), his sentencing range was 292 to 365 months' imprisonment, and he was sentenced to 292 months' imprisonment.  *Id.* at 169.

denying the Government's motion to reconsider this sentence reduction, Judge Underhill explained the basis for his original sentence in 2006: "Although I did not say so on the record, I departed to a sentence of 132 months' imprisonment by determining what the Sentencing Guideline range would have been if Swint's Guideline calculation had been determined by the quantity of crack cocaine attributable to him, rather than by his status as a career offender." *Id.*

This sentence, reflecting both the defendant's cooperation as well as his significant criminal history, was designated to be "somewhat more than 50 percent of" the top of the crack offense range resulting in a sentence of "approximately 56 percent of the top of the crack sentencing range" of 188 to 235 months imprisonment. *Id.* On resentencing pursuant to § 3582(c)(2), Judge Underhill again applied the crack guideline instead of the career offender provisions. With a two-level reduction in the base offense level, the defendant's sentencing range became 151 to 188 months' imprisonment and Judge Underhill once again sentenced the defendant to approximately 56 percent of the top of the amended guidelines range, resulting in a sentence of 105 months imprisonment. *Id.*

The Second Circuit affirmed Judge Underhill's sentence reduction, holding that where the original sentencing judge also presides over a § 3582(c)(2) proceeding, he or she can "clarify" whether or not the original sentence was "based upon" the crack guidelines. *See* 442 F. App'x 614, 616–17 (2d Cir. 2011).

The question here is whether in sentencing Defendant Davis below the then-applicable crack cocaine offense range,[2] that offense range was nonetheless a relevant part

---

[2] Without the career offender modification, Defendant's offense level was 29, which at criminal history category VI results in a sentencing range of 151 to 188 months imprisonment.

of the analytic framework the Court used to determine Mr. Davis's sentence. *See Rivera*, 662 F.3d at 177. If so, Defendant is eligible for sentence reduction. If, however, the Court imposed this sentence based solely upon an analysis of the factors listed in § 3553(a), without any consideration of the crack-cocaine guideline, Defendant would be ineligible. *See United States v. Bates*, No. 06-CR-580 (DRH), 2013 WL 1820907, at *3 (E.D.N.Y. Apr. 30, 2013) ("Here, [in] contrast [to *Rivera*], the Court imposed a non-guideline sentence on defendant that was based on the factors set forth in Section 3553(a) and not the crack cocaine guidelines.")[3]; *see also United States v. McPherson*, 435 F. App'x 17, 18 (2d Cir. 2011) ("[I]f McPherson's sentence when imposed was not based on the crack cocaine guidelines, McPherson is ineligible for a sentence reduction.").

In sentencing Mr. Davis, this Court downwardly "departed pursuant to § 5K2.0 for extraordinary assistance to State of Connecticut Law Enforcement." (Statement of Reasons at 3.) After departing from the career offender range, the Court determined that a sentence at approximately the bottom of the crack offense range would be appropriate.[4] Defendant's resulting sentence of 150 months' imprisonment was just below the low end of this range. Therefore, Defendant is eligible for resentencing.[5]

---

[3] The factors considered by that court included "defendant's medical condition, the support system he enjoyed from family and friends, and the drug treatment he was to receive[] during supervised release." *Id.* at *1.

[4] Although the Court did not explicitly so state at the original sentencing hearing, the Court now clarifies its original reasoning in ruling on this motion. *See Swint*, 442 F. App'x at 616.

[5] In *United States v. Watts*, No. 3:04-CR-209 (JBA), 2013 WL 1707943, at *3 (D. Conn. Apr. 19, 2013), this Court denied a motion for resentencing where the defendant was a career offender who received a § 5K1.1 departure, which resulted in a sentence slightly above the crack guidelines. In determining that the original sentence was not "based on" the crack guidelines, the Court explained that at the original sentencing hearing it stated that it did not need to address defense counsel's arguments regarding the

The decision whether and to what extent to reduce a sentence under an amended Guidelines provision is left to the discretion of the sentencing court. *See United States v. Thomas*, 361 F. App'x 174, 175 (2d Cir. 2010) ("Where a defendant was sentenced based on a Guidelines sentencing range that a subsequent guideline amendment lowered, a district court has discretion pursuant to 18 U.S.C. § 3582(c)(2) to reduce that defendant's term of imprisonment."); *see also United States v. Young*, 555 F.3d 611, 614 (7th Cir. 2009) ("The statute thus confers upon the district court substantial discretion—within the broad framework of 18 U.S.C. § 3553(a) and assuming consistency with the relevant policy statements of the Sentencing Commission—to decide whether a sentence reduction is warranted.").

Applying the two-level decrease under Amendment 706 (again finding the career offender provisions inapplicable in light of Defendant's exceptional assistance to state authorities), Defendant's offense level is now 27. At criminal history category VI, which applies irrespective of his career offender designation, Defendant's amended sentencing range is 130 to 162 months' imprisonment.[6] Defendant's original sentence of 150 months' imprisonment was one month less than the bottom of the otherwise applicable

---

crack/powder disparity, because of the 5K1.1 motion. Thus, in *Watts*, the Court expressly disclaimed any reliance upon the crack guidelines, whereas here these guidelines were a part of the Court's sentencing calculus.

[6] The mandatory minimum of 120 months that was applicable at the time of Defendant's original sentencing is still applicable even though a defendant convicted and sentenced today for the same offense would face a mandatory minimum of 60 months. *See United States v. Humphries*, 502 F. App'x 46, 48 (2d Cir. 2012) (holding that in a § 3582(c)(2) resentencing, the "the court could not sentence [the defendant] to a term less than the statutory mandatory minimum of 120 months' imprisonment in effect at the time of his conviction and sentencing.").

crack offense range of 151 to 188 months' imprisonment. However, pursuant to U.S.S.G. § 1B1.10(b)(2), the Court lacks discretion to reduce Defendant's sentence below the amended guideline range because the departure below his original guideline range was not made pursuant to a government motion to reflect his substantial assistance to the authorities. Thus, based on the same factors that the Court considered at Defendant's original sentencing, the Court determines that a reduction to the bottom of Defendant's amended guideline range is appropriate. Accordingly, Defendant's motion is granted and his term of imprisonment is reduced from 150 months' imprisonment to 130 months' imprisonment. All other terms of the Judgment will remain unchanged.

### III.     Conclusion

For the reasons discussed above, Defendant's Motion [Doc. # 86] for Reduction in Sentence is GRANTED and a second amended judgment will issue, sentencing Defendant to a term of imprisonment of 130 months.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of December 2013.